UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT ALBERT THOMPSON, | No. 2:15-cv-1347 AC P |
|---|---|
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas petition pursuant to 28 U.S.C. § 2254. Presently pending is petitioner's request for appointment of counsel. Petitioner states that appointment of counsel is necessary to protect his interests in this action. See ECF No. 3.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners under Section 2254. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Nevertheless, a district court may appoint counsel for an indigent habeas petitioner upon a finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see also Rule 8(c), Fed. R. Governing § 2254 Cases. Such a finding is generally premised on a determination that "appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Thus, for example, petitioners must be represented by appointed counsel if the court conducts an evidentiary hearing.

1 | Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986).

2 |     In the instant case, the court finds that neither due process nor broader interests of justice
3 | require appointment of counsel at this time. Petitioner has filed a comprehensive, well organized
4 | and clearly articulated petition that the court, by separate order, finds appropriate to serve on
5 | respondent and require a response. When the court conducts the Section 2254(d) analysis in this
6 | case, it will then determine whether an evidentiary hearing is warranted, see Cullen v. Pinholster,
7 | 131 S. Ct. 1388, 1399 (2011), or whether other interests of justice require appointment of counsel.

8 |     Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of
9 | counsel, ECF No. 3, is denied without prejudice.

10 | DATED: June 26, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE